UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                      :
THOMAS THORNDIKE,                     :
                                      :
      Petitioner,                     :   Civ. No. 15-8547 (NLH)
                                      :
   v.                                 :   OPINION
                                      :
WARDEN J. HOLLINGSWORTH,               :
                                      :
      Respondent.                     :
_____:

APPEARANCES:
Thomas Thorndike, #20408-014
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

On or about December 10, 2015, Petitioner Thomas Thorndike, a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, alleging that he received inadequate medical care while incarcerated. (ECF No. 1).  Petitioner paid the $5.00 filing fee.  At this time, the Court will conduct a preliminary review of the Petition as required by Habeas Rule 4. See Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.  For the reasons that follow, the Petition will be dismissed for lack of jurisdiction.

I.  BACKGROUND

Petitioner states that the Bureau of Prisons "deliberately refuse[s] ongoing qualified medical treatment for [his] severe glaucoma." (Pet. 6, ECF No. 1).  Petitioner also provides a 107 page Exhibit which includes a detailed explanation of his medical symptoms, his treatment history, and his efforts to exhaust his administrative remedies. (Exhibit, ECF No. 1-2).

II.  STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

## III. DISCUSSION

Habeas corpus is an appropriate mechanism for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).  A habeas corpus petition is also the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Here, Petitioner files this habeas petition pursuant to 28 U.S.C. § 2241 challenging the quality of the medical care he has received while incarcerated.  Because these allegations do not affect the length of Petitioner's confinement, or affect the execution of his criminal sentence, his claims are not cognizable under § 2241. See Descamps v. Warden Lewisburg USP, 617 F. App'x 110 (3d Cir. 2015) (holding that insofar as a federal prisoner's § 2241 petition for habeas corpus relief challenged adequacy of dental and mental care he was receiving, he was challenging conditions of his confinement, and, as such, his claims did not sound in habeas); Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002); Preiser, 411 U.S. 475.

Typically, these types of claims are appropriately brought in the context of a civil rights action. See e.g., Descamps, 617 F. App'x at 111 ("The proper means for seeking relief for

3

[claims relating to the adequacy of dental or medical care] is a civil rights action against the Bureau of Prisons for damages or injunctive relief under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), after available administrative remedies have been exhausted[.]") (emphasis in original); Leamer, 288 F.3d 532.

    Thus, Petitioner's claims are not cognizable under § 2241 and the Petition will be dismissed for lack of jurisdiction. This dismissal is without prejudice to any right Petitioner may have to reassert the present claims in a properly filed civil rights complaint. See Descamps, 617 F. App'x at 111 (affirming district court's dismissal of § 2241 petition without prejudice to petitioner's right to file a proper civil rights action). This Court makes no determination as to the merits or timeliness of any such claims.  Further, Petitioner is on notice that a civil action under Bivens carries with it a total filing fee in the amount of $400 or, if a prisoner is granted in forma pauperis status, a filing fee in the amount of $350.

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.  An appropriate Order will be entered.

```
                                  __s/ Noel L. Hillman_____
                                  NOEL L. HILLMAN
                                  United States District Judge
```

Dated: December 29, 2015
Camden, New Jersey

5